IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

      Plaintiff,                     No. CIV S-06-0813 FCD KJM P

   vs.

TOM CAREY, et al.,

      Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 16, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint are still so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second, and final, amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

After reviewing the allegations in plaintiff's amended complaint, it is appropriate to apprise plaintiff of the following:  The law with respect to an inmate's right of access to courts was discussed in detail by the United States Supreme Court in Lewis v. Casey, 518 U.S. 343 (1996). Most importantly in Lewis, the court held that for a prisoner to be successful on a denial of access to courts claim, he must show not only denial of access, but also injury resulting from the denial of access; "the inmate . . . must . . . demonstrate that the alleged shortcomings in the [prison's law] library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 351.  "He might show, for example, that a  complaint he prepared was dismissed for failure to satisfy some technical requirement of which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm

3

1 that he wished to bring before the courts, but was so stymied by inadequacies of the law library
2 that he was unable even to file a complaint." Id.

3     Plaintiff also is informed that the Eighth Amendment's prohibition of cruel and
4 unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97,
5 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment
6 based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently
7 harmful to evidence deliberate indifference to serious medical needs." Id. at 106.

8     In accordance with the above, IT IS HEREBY ORDERED that:

9     1. Plaintiff's amended complaint is dismissed.

10     2. Plaintiff is granted thirty days from the date of service of this order to file a
11 second amended complaint that complies with the requirements of the Civil Rights Act, the
12 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
13 complaint must bear the docket number assigned this case and must be labeled "Second
14 Amended Complaint"; plaintiff must file an original and two copies of the second amended
15 complaint; failure to file a second amended complaint in accordance with this order will result in
16 a recommendation that this action be dismissed.

17     3. The Clerk of Court is directed to send plaintiff the form for use in filing civil
18 rights actions in this district.

19 DATED: May 7, 2007.

                     U.S. MAGISTRATE JUDGE

22 1
lee0813.14b(12.20.06)