IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

    Plaintiff,                    No. CIV S-06-0813 FCD KJM P

    vs.

TOM CAREY, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendant Stufflebeam (defendant) for an alleged violation of the Americans with Disabilities Act (ADA).  Defendant's motion for summary judgment and plaintiff's motion for leave to file an amended complaint are before the court.

I. Motion For Summary Judgment

        In his June 14, 2007 second amended complaint, which is signed under the penalty of perjury, plaintiff alleges that defendant violated plaintiff's rights under the ADA when defendant denied plaintiff access to the law library at California State Prison Solano (CSP-Solano) because of his disability.  Second Am. Compl. (Compl.) at 3-4.  Plaintiff seeks damages

1

and injunctive relief. Id. at 3, 9. Defendant, a correctional officer, asserts he is entitled to summary judgment because plaintiff is suing defendant under the ADA in his individual capacity and the law is clear he cannot do so.

Defendant is correct that he cannot be sued under the ADA in his individual capacity. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). However, this court has an obligation to construe pleadings liberally and to afford plaintiff the benefit of any doubt in civil rights cases, where plaintiff is proceeding pro se. King v. Atiyeh, 814 F. 2d 565 (9th Cir. 1987). In order to carry out its duty, the court will recommend that plaintiff's case be construed as proceeding against defendant in his official capacity as an employee of the California Department of Corrections and Rehabilitation (CDCR). Cf. Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004). At the same time, the court will recommend denial of defendant's motion for summary judgment without prejudice to re-filing a motion for summary judgment challenging suit against defendant in his official capacity.

II. Motion For Leave To Amend

On September 21, 2008, plaintiff filed a motion for leave to file an amended complaint to include CDCR and CSP-Solano as defendants. While it is not entirely clear why plaintiff wishes to amend, the court assumes the motion is an attempt by plaintiff to cure the deficiency targeted by defendant's motion for summary judgment. Because plaintiff's claim can move forward against defendant in his official capacity, there does not appear to be any need to allow amendment. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (official capacity suits are, in all respects other than name, suits against the entity for whom the official works).

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for summary judgment be denied without prejudice to re-filing a motion for summary judgment within thirty days challenging suit against defendant in his official capacity;

/////

1  2. If defendant elects not to re-file his motion for summary judgment, plaintiff's
2  pretrial statement should be filed within sixty days and defendant's filed within twenty days of
3  service of plaintiff's statement; and
4  3. Plaintiff's motion for leave to file an amended complaint be denied.
5  DATED: February 17, 2009.

_____
U.S. MAGISTRATE JUDGE

cb
lee0813.msj