1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GEORGE LEE,

11              Plaintiff,                    No. CIV S-06-0813 FCD KJM P

12         vs.

13    THOMAS CAREY, et al.,

14              Defendants.              FINDINGS AND RECOMMENDATIONS

15    _____/

16              Plaintiff is a California prisoner proceeding pro se with an action for violation of

17    civil rights under 42 U.S.C. § 1983.  This action is proceeding against defendant Stufflebeam

18    (defendant) in his official capacity as an employee of the California Department of Corrections

19    and Rehabilitation (CDCR).  The only claim remaining is an alleged violation of Title II of the

20    Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (ADA).  Plaintiff seeks both

21    injunctive relief and damages.  Defendant's motion for summary judgment is before the court.

22    I.  Summary Judgment Standards

23              Summary judgment is appropriate when it is demonstrated that there exists "no

24    genuine issue as to any material fact and that the moving party is entitled to a judgment as a

25    matter of law."  Fed. R. Civ. P. 56(c).

26    /////

1

1    Under summary judgment practice, the moving party

2    always bears the initial responsibility of informing the district court
     of the basis for its motion, and identifying those portions of "the
3    pleadings, depositions, answers to interrogatories, and admissions
     on file, together with the affidavits, if any," which it believes
4    demonstrate the absence of a genuine issue of material fact.

5    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6    nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7    judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8    to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9    after adequate time for discovery and upon motion, against a party who fails to make a showing

10   sufficient to establish the existence of an element essential to that party's case, and on which that

11   party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12   concerning an essential element of the nonmoving party's case necessarily renders all other facts

13   immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

14   whatever is before the district court demonstrates that the standard for entry of summary

15   judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16        If the moving party meets its initial responsibility, the burden then shifts to the

17   opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19   establish the existence of this factual dispute, the opposing party may not rely upon the

20   allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21   form of affidavits, and/or admissible discovery material, in support of its contention that the

22   dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23   must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24   of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25   (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26   1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

2

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2  1436 (9th Cir. 1987).

3          In the endeavor to establish the existence of a factual dispute, the opposing party

4  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9  committee's note on 1963 amendments).

10          In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22          On December 6, 2007, the court advised plaintiff of the requirements for opposing

23  a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154

24  F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

25  /////

26  /////

II.  Analysis

    A.  Plaintiff's Allegations

        Plaintiff alleges that, in late 2005, he sought access to the law library at California State Prison Solano (CSPS) via an elevator rather than stairs, due to a disability.  Defendant denied plaintiff's request, and plaintiff claims the denial of the request constitutes a violation of his rights arising under Title II of the ADA.  Second Am. Compl. at 4, 6-7 & 9.  In order to prevail on such an ADA claim, plaintiff must show:  1) he had a qualifying disability, 2) he was otherwise qualified to utilize a CDCR law library, 3) he was denied use of a CDCR law library, and 4) he was denied use due to his disability.  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

    B.  Facts

        The following facts are not disputed for the purposes of defendant's motion for summary judgment:

        1) Sometime prior to December 13, 2005, but after November 10, 2005, plaintiff asked defendant for permission to use an elevator rather than the stairs to access the law library at CSPS.[1]  Second Am. Compl. at 4 & Ex. B.  He showed defendant a "128c chrono" issued by Dr. Daniel Thor indicating plaintiff was prohibited from climbing stairs.[2]  Opp'n at 2:8-9, 3:22-26.  Defendant denied plaintiff's request and told plaintiff that if he could not use the stairs, he could not access the law library at CSPS.  Second Am. Compl. at 4.  Prior to defendant's arrival at CSPS, inmates were allowed to use the elevator.  Id. at 5.

/////

___

[1]  Nothing before the court suggests the law library at CSPS is different in any meaningful respect from any other CDCR law library for purposes of plaintiff's ADA claim.

[2]  Plaintiff also indicates he informed defendant that his "Disability Placement Program Verification" had been changed to indicate that he was not to use the stairs.  However, the "Disability Placement Program Verification" form to which plaintiff points in support of this assertion was not issued until January 20, 2006.  Second Am. Compl. at 4:8-16 & Ex. C.

4

1    2) The existence of a "chrono" issued prior to the time period during which

2   plaintiff says he showed a "chrono" to defendant is supported by the fact that Dr. Thor noted in a

3   "Disability Placement Program Verification" (DPPV) form on January 20, 2006 that plaintiff was

4   issued a "chrono" on October 20, 2005 indicating plaintiff should not climb stairs.  Mot., Ex. A

5   at 11.

6    3) On December 13, 2005, plaintiff filed a "Reasonable Modification or

7   Accommodation Request" to be permitted to use an elevator rather than stairs to access the law

8   library at CSPS due to pain in his lower back and right leg.  Second Am. Compl., Ex. B.

9    4) On December 21, 2005, plaintiff's request was denied.  Id.  At that time,

10   plaintiff's DPPV form in his central file, dated May 20, 2004, indicated plaintiff was able to walk

11   a flight of stairs without pause and assistance.  Def.'s Statement of Undisputed Facts (DSUF),

12   Ex. A at 10 & Ex. B ¶¶ 10-14.  There is nothing before the court suggesting the person who

13   reviewed plaintiff's request was aware of the "chrono" plaintiff alleges he showed defendant.

14    5) Petitioner appealed the December 21st decision on January 8, 2006.  Id., Ex. A

15   at 3.

16    6) On January 20, 2006, as noted, Dr. Thor signed a DPPV form indicating that

17   plaintiff should not be required to climb stairs due to a mobility impairment.  Id., Ex. A at 11.

18    7) Warden Tom Carey answered plaintiff's January 8, 2006 appeal on February 9,

19   2006.  Id., Ex. A at 6-7.  He denied plaintiff's request to use the elevator because, according to

20   Carey, security concerns prevented inmate access to the elevator.  Id., Ex. A at 7.  However, in

21   light of the January 20, 2006 DPPV form indicating that plaintiff could not climb stairs, Warden

22   Carey ordered that plaintiff be evaluated by classification staff for transfer to a facility where

23   plaintiff would not have to climb stairs.  Id.

24    8) Plaintiff was evaluated by the CSPS Unit Classification Committee on

25   February 21, 2006 and recommended for transfer to CMF.  Id., Ex. A at 13.  Transfer was

26   authorized on March 7, 2006, id. at 15, and plaintiff was transferred on June 1, 2006, id. at 16.

C.  Application of Law to Facts

Defendant argues that any request for injunctive relief plaintiff might have is moot because, as of June 1, 2006, plaintiff resides at the California Medical Facility (CMF) where plaintiff can access the law library without climbing stairs.  The transfer of a prisoner generally moots any claim for injunctive relief unless plaintiff demonstrates a reasonable expectation of return to the earlier, objectionable conditions.  See, e.g., Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Petitioner presents nothing indicating he will return to CSPS.  Therefore, his claims for injunctive relief should be denied as moot.

As defendant also notes, plaintiff is not entitled to punitive damages for this ADA claim.  Barnes v. Gorman, 536 U.S. 181, 189, 190 (2002).  As for plaintiff's claims for compensatory damages, defendant is correct that plaintiff can prevail only if he shows he was discriminated against intentionally.  Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).  At a minimum, plaintiff must show "deliberate indifference" by demonstrating defendant knew rights granted plaintiff under the ADA were substantially likely to be violated, and that defendant failed to act upon that likelihood.  Id. at 1139.

Defendant argues he is entitled to summary judgment because there is no evidence he was deliberately indifferent to plaintiff's need for an ADA accommodation.  In support of this, defendant points to the fact that when plaintiff asked defendant for permission to use the elevator at CSPS, the DPPV in plaintiff's file stated he was able to climb stairs.  Mot. at 7:16-18.

Defendant fails to explain, however, the significance of the DPPV form in the decisionmaking process related to requests for accommodations made by disabled inmates such as plaintiff.  Defendant has not provided his own affidavit, and so has not provided an explanation of his reasons for denying elevator access to plaintiff.  Nothing before the court indicates defendant only had the authority to allow plaintiff to ride the elevator to access the CSPS law library if plaintiff's DPPV authorized it.  As noted, plaintiff asserts he showed defendant a chrono from Dr. Thor indicating plaintiff is not able to climb stairs.  Nothing in the

6

1   record indicates defendant was free to ignore such a chrono based on plaintiff's DPPV or

2   otherwise.  Moreover, nothing confirms defendant was even aware of plaintiff's DPPV status

3   when he denied plaintiff elevator access.

4          In light of the foregoing, the court will recommend this action proceed on

5   plaintiff's compensatory damages claim arising from defendant Stufflebeam's denial of an

6   accommodation in violation of the ADA, by failing to allow plaintiff to use an elevator at CSPS

7   to access the inmate law library at some time between November 10, 2005 and December 13,

8   2005.[3]

9          Accordingly, IT IS HEREBY RECOMMENDED that defendant Stufflebeam's

10   motion for summary judgment (#47) be granted in part and denied as follows:

11          1.  Granted as to plaintiff's claims for injunctive relief and punitive damages;

12          2.  Denied with respect to plaintiff's claim that defendant Stufflebeam denied

13   plaintiff an accommodation in violation of the Americans With Disabilities Act by failing to

14   allow plaintiff to use an elevator at California State Prison, Solano to access the inmate law

15   library at some time between November 10, 2005 and December 13, 2005.

16          3.  Plaintiff be ordered to file his pretrial statement within thirty days of any

17   adoption of the foregoing findings and recommendations, and defendant be ordered to file his

18   pretrial statement within twenty days of service of plaintiff's statement.

19          These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

21   days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

24

25          [3]  While defendant suggests he should be granted summary judgment because the amount
26   of time plaintiff was denied an accommodation for his inability to access the law library at CSPS
    by the stairs was relatively short, defendant fails to present any legal support for this argument.

1  shall be served and filed within ten days after service of the objections.  The parties are advised

2  that failure to file objections within the specified time may waive the right to appeal the District

3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  September 8, 2009.

5

6  _____

7  U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26