IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,                                    Case No. 2:06-cv-0813 FCD KJM P

        Plaintiff,

  vs.

TOM CAREY, et al.,                             ORDER

        Defendants.
                                   /

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. This case will be referred to Magistrate Judge Nandor J. Vadas, to conduct a settlement conference on July 7, 2010, at 11:00 a.m. at California State Prison, Solano (CSP-SOL). A separate writ of habeas corpus ad testificandum to transport the plaintiff from California Medical Facility (CMF) will issue forthwith.

        In accordance with the above,  IT IS HEREBY ORDERED that:

        1. This case is set for mediation before Magistrate Judge Nandor J. Vadas on July 7, 2010, at 11:00 a.m. at CSP-SOL, 2100 Peabody Road, Vacaville, California 95696.

        2. Plaintiff shall attend in person, with defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants'

1

1  behalf.[1]  The failure of any counsel, party or authorized person subject to this order to appear in
2  person may result in the imposition of sanctions.
3              3.   Either CDCR General Counsel Benjamin Rice or Chief Deputy General
4  Counsel Stephanie Clauss shall be present personally at the settlement conference.
5              4.   The parties are directed to provide confidential settlement conference
6  statements to the Honorable Nandor J. Vadas, U.S. District Court-Northern District of California,
7  514 H Street, Eureka, CA 95502 or via email at NJVpo@cand.uscourts.gov, so that they arrive
8  no later than June 23, 2010.
9  DATED:  April 29, 2010.

_____
U.S. MAGISTRATE JUDGE

---

[1]  The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).