IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

      Plaintiff,                        No. CIV-S-06-0813 KJM-EFB (TEMP) P

     vs.

THOMAS CAREY, et al.,

      Defendants.               **TRIAL CONFIRMATION ORDER**

I.     PRETRIAL ORDER AND TRIAL

     Deputy Attorney General Phillip Arthur appeared for defendant Stufflebeam ("defendant") and plaintiff George Lee ("plaintiff") appeared for himself at the trial confirmation hearing ("TCH"), which took place on May 11, 2011. After reviewing the Pretrial Order, filed March 15, 2011, plaintiff's motion *in limine*, filed April 11, 2011, and considering the matters raised at the TCH, the court AFFIRMS the Pretrial Order, except as expressly amended in this Order, and further ORDERS the following:

     As a housekeeping matter, the court notes that the Pretrial Order on page 2, line 13 misstates the date by which opening trial briefs are due in accordance with Local Rule 285. Local Rule 285 requires that trial briefs are due no later than fourteen days prior to trial. Accordingly, the parties shall file and serve trial briefs including "a short statement of facts, all

1

admissions and stipulations not recited in the pretrial order, and a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof" no later than fourteen (14) days prior to the date of trial. E.D. Cal. LOCAL R. 285.

The jury trial will commence before the undersigned on Monday, August 8, 2011 at 9:00 a.m. in Courtroom 3 on the 15th Floor.

II.     CAUSE OF ACTION

Plaintiff is a California prisoner proceeding pro se in an action for violation of his civil rights arising under 42 U.S.C. § 1983 based on an alleged violation by defendant of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq*. ("ADA"). The sole remaining claim is for compensatory damages. Plaintiff alleges that defendant violated his rights under the ADA sometime between November 10, 2005 and December 13, 2005, when defendant denied plaintiff access to an elevator to access the law library at California State Prison-Solano ("CSPS") because of his disability.

At the TCH, plaintiff objected to the court allowing C. Smith, Custodian of Inmate Records, to testify regarding defendant's admittance to the library on or around December 13, 2005 as the relevant outside date for determining whether defendant violated plaintiff's rights under the ADA. Plaintiff argued that the appropriate end date for determining a violation should be when he was transferred from CSPS on July 1, 2006, because he was never allowed to use the elevator to access the library. In the Second Amended Complaint, filed June 14, 2007, and the Amended Complaint, filed September 25, 2008, plaintiff indicates that defendant's allegedly actionable conduct occurred on or about December 13, 2005. *See* ECF No. 17 at 4; ECF No. 38 at 5. Furthermore, the November 10, 2005 to December 13, 2005 time line was set forth in the Findings and Recommendations by the Magistrate Judge on September 9, 2009, and plaintiff did not object. ECF No. 53. The Magistrate Judge's Findings and Recommendations were adopted on November 12, 2009. ECF No. 56. Finally, under the Pretrial Order, the claim is limited to

defendant's action, which allegedly occurred in "late 2005." ECF No. 79 at 2. Once again, defendant did not object. Plaintiff has had ample time to revise his allegations and to object to the orders of this court setting forth the time frame for the disputed claim. Accordingly, plaintiff's objection is DENIED.

III.  WITNESSES AND EVIDENCE

On April 6, 2011, plaintiff submitted a motion *in limine* to exclude the Abstract of Judgment dated September 24, 1999, the Presentence Probation Report dated September 17, 1999, and the testimony of witness C. Smith, Custodian of Inmate Records, all based on Federal Rule of Evidence 404(b). ECF No. 82. At the TCH, the court granted the motion to the extent that the specific felony conviction and disciplinary record of plaintiff will not be admitted at trial, unless defendant demonstrates the conviction involved dishonesty or the making of a false statement.

IV.  COUNSEL

Plaintiff moved to be appointed counsel because he has been diagnosed with narcolepsy and he believes an attorney will be necessary to adequately present his case. The court granted plaintiff leave to submit a formal motion with supporting documentation within seven (7) days of this order.

V.  CONCLUSION

In sum, the court hereby ORDERS:

(1) The Pretrial Order is adopted, except that trial briefs will be due fourteen (14) days prior to trial instead of ten (10);

(2) The jury trial will commence on Monday, August 8, 2011 at 9:00 a.m.;

(3) The relevant time period during which plaintiff's must prove that defendant violated his rights arising under the ADA will continue to be November 10, 2005 to December 13, 2005;

/////

/////

3

1    (4) The specific felony conviction and disciplinary record of plaintiff will not be admitted at trial; however, the felony conviction may be admissible if it involved dishonesty or the making of a false statement;

(5) Plaintiff shall file and serve his motion for appointment of counsel no later than a week after this order; and

(6) The Clerk of Court is directed to STRIKE the previous order of this court filed on May 19, 2011 at docket number 85.

DATED: May 20, 2011.

_____
UNITED STATES DISTRICT JUDGE