IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

    Plaintiff,                       No. CIV S-06-0813 KJM EFB (TEMP) P

    vs.

THOMAS CAREY, et al.,

    Defendants.                ORDER

_____/

        Plaintiff has requested an extension of time to file objections to findings and recommendations issued on September 9, 2009, and then adopted on November 12, 2009. A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. While plaintiff provides information suggesting he was medically unavailable during the objection period in 2009, he has not demonstrated that he was unable to request reconsideration before now; the court notes that plaintiff was able to file documents in December 2009, and thereafter. Because plaintiff has not

/////

shown good cause for reconsideration of the order adopting the findings and recommendations, plaintiff's request filed June 15, 2011 (ECF 91) is denied.

Plaintiff has also requested that the court order a settlement conference. (ECF 89.) The court has previously ordered a mediation, which did not result in settlement. (ECF 65.) Plaintiff does not explain why an additional settlement conference may be fruitful. The motion for court assisted settlement is denied.

Finally, plaintiff moved to withdraw his previous motion for appointment of counsel because "it would benefit plaintiff in his motion for appeals". (ECF 86.) Somewhat confusingly, plaintiff provides some evidence of sleep apnea to support his claim that he suffers from daytime somnolence and appointment of counsel is warranted. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Nothing before the court suggests that appointment of counsel is warranted to ensure that plaintiff's case is fairly tried to the jury; the court will surely not force counsel upon plaintiff. Plaintiff's motion to withdraw his previous motion for counsel is granted.

IT IS SO ORDERED.

DATED: June 23, 2011.

_____
UNITED STATES DISTRICT JUDGE